UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | | |
|---|---|---|
| NODIRA MAHMUDOVA, | : | Civil Action No.: |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | COMPLAINT FOR VIOLATIONS OF THE |
| | : | FAIR CREDIT REPORTING ACT |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| | : | <u>DEMAND FOR JURY TRIAL</u> |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------x

Plaintiff Nodira Mahmudova ("Plaintiff"), brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendant named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel, and upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff suffered harm as a result of false and inaccurate information published by defendant Equifax Information Services, LLC ("Equifax" or "CRA Defendant"), a consumer reporting agency as defined under 15 U.S.C. § 1681a(f).

2. Through the publication of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), Equifax has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including the inaccurate reporting of Plaintiff's payment history, account balances, and late payments in connection with accounts issued by JPMorgan Chase Bank, N.A., Barclays Bank Delaware, Department Stores National Bank, and Synchrony Bank (collectively, non-defendant "Furnishers").

3. Subsequent to Plaintiff's review of her consumer background reports, Plaintiff discovered the inaccurate information. On May 23, 2019, Plaintiff sent Equifax a dispute letter requesting that the inaccurate information be removed from Plaintiff's consumer background report.

4. In response to Plaintiff's dispute letter, Equifax sent a written correspondence stating that "[w]e have received your request concerning inaccurate information on your Equifax credit file. ***We were unable to locate a credit file in our database with the identification information you provided.***" (Emphasis added). Equifax's form letter further delineated a list of

- 1 -

instructions for Plaintiff to follow to enable Equifax to locate her file, including requiring Plaintiff to mail Equifax copies of records of identifying information.

5. Plaintiff, however, had already sent CRA Defendant a plethora of identifying information in both the body of Plaintiff's May 23, 2019 dispute letter and its enclosures, which included a copy of Plaintiff's government issued immigration letter and a copy of Plaintiff's "green card." From the dispute letter and enclosures alone, Defendant Equifax knew the following: Plaintiff's complete first name, complete last name, middle initial, date of birth, social security number, sex, height, hair color and eye color (including a photograph), signature, and Plaintiff's correct address information.

6. Indeed, Equifax was *able* to locate Plaintiff's credit file in response to a pull of the Equifax credit file from Pentagon Federal Credit Union in June 2019, a furnisher that provided, upon information and belief, *substantially less information* to Equifax than was first provided by Plaintiff to Equifax.

7. Equifax willfully, intentionally, recklessly, and negligently failed to conduct a reasonable search for Plaintiff's report in violation of the FCRA, § 1681 *et seq*. of Title 15 of the United States Code, including § 1681e(b), which obligated CRA Defendant to instate and follow reasonable procedures and policies to ensure maximum possible accuracy in consumer background reports. Equifax established mechanisms and procedures to dispute consumer credit information, yet when Plaintiff did dispute inaccurate information, Equifax failed to locate and remove the information.

8. Upon receipt of Plaintiff's dispute, Equifax was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and

(ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

9. Egregiously, Equifax failed to delete the inaccurate information notwithstanding the fact that Plaintiff disputed the inaccuracies in writing. Equifax's purported inability to locate Plaintiff's consumer background report demonstrates that Equifax did not institute procedures to ensure maximum possible accuracy in the reports it published concerning Plaintiff.

10. Equifax also willfully, intentionally, recklessly, and negligently violated § 1681i, which required it to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letter.

11. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendant's misconduct. Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendant's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

14. Plaintiff Nodira Mahmudova is a resident of Forest Hills, NY (Queens), and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendant**

15. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

16. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

> "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

- 4 -

(4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

17. The FCRA mandates consumer reporting agencies to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18. Consumer reporting agencies compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in Equifax fulfilling its respective duties timely under the FCRA, so that the information reported and maintained by Defendant is done fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Plaintiff suffered harm from Equifax's willful, intentional, reckless and/or negligent misconduct**

19. Through the publication of consumer background reports, Equifax has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

20. The inaccurate information includes the nature of at least one of Plaintiff's tradelines/accounts as well as personal identifying information, including the inaccurate reporting

of Plaintiff's accounts, specifically, payment history, account balances, and late payments in connection with multiple accounts issued by non-defendant Furnishers.

21. Subsequent to Plaintiff's review of her consumer background report issued by Equifax, Plaintiff discovered the inaccurate account information. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer and overall creditworthiness. After noticing the inaccuracies, Plaintiff disputed the inaccuracies in writing via CRA Defendant's established mechanisms and procedures created to dispute consumer credit information.

22. Equifax willfully, intentionally, recklessly and negligently failed to take any of these steps subsequent to Plaintiff's dispute, importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

23. Instead, Equifax sent a letter stating as follows:

Dear Nodira Mahmudova:

We have received your request concerning inaccurate information on your Equifax credit file.

We were unable to locate a credit file in our database with the identification information you provided. In order to further assist you, we will need additional documents to verify your identification. Please provide your complete Name, Current and Former Addresses, Social Security Number and Date of Birth. We ask that you please **send us a copy of two different items – one from each of the two categories listed below.** One item will verify your identity and the other will verify your current address.

**Category 1) IDENTIFICATION**

Please make a copy of **one of the following items.** The item you choose **MUST** contain your complete 9-digit Social Security number. Pay stub with complete U.S. Social Security number W-2 form with complete U.S. Social Security number Valid Social Security Card **Note:** A 'Work Permit Only' card is not valid proof of a SSN.

**Category 2) CURRENT ADDRESS**

Please make a copy of **one of the following items.**

- 6 -

The item you choose **MUST** contain your current mailing address of …. Driver's license Rental/lease agreement or house deed Pay stub with address Utility bill (i.e. gas, electric, water, cable, residential telephone bill) with current service address.

**Again, we need a total of two items – one item from each of the categories above – to process your request. Please submit those items along with this letter to the following address:**

>    **Equifax Information Services LLC
>    P.O. Box 105069
>    Atlanta, GA 30348-5069**

To ensure that your request is processed without delay, please enlarge photocopies and ensure the information is legible. Illegible documents or documents that contain highlights may cause delay in processing as we may have to ask you to resubmit your request with more legible documents.
Please return this letter along with the requested information and your original correspondence/request to the address below.

Equifax Information Services LLC
PO Box 740256
Atlanta, GA 30374-0256

(Emphasis in original).

24.     Plaintiff, however, had already sent a plethora of identifying information to Defendant in both the body of Plaintiff's May 23, 2019 dispute letter and in its enclosures. As stated above, by way of the dispute letter and enclosures, which included a copy of Plaintiff's Permanent Resident Card, and Plaintiff's government issued immigration letter verifying Plaintiff's address, Plaintiff notified Defendant Equifax of the following: Plaintiff's complete first name, complete last name, middle initial, date of birth, social security number, place of birth, sex, height, hair color and eye color (including a government issued photograph), signature, and Plaintiff's correct address, as Plaintiff provided proof of address via an enclosed government issued immigration letter send with the dispute letter.

25. Upon information and belief, Equifax had the ability to access Plaintiff's consumer background report when the furnisher of credit information requested the credit file based on less identifying information than that provided by Plaintiff in the dispute letter and enclosures. Indeed, Equifax was *able* to locate Plaintiff's credit file in response to a pull of the Equifax credit file from Pentagon Federal Credit Union, a furnisher that provided *substantially less information* to Equifax than was first provided by Plaintiff to Equifax. Equifax delayed its investigation and any reinvestigations by simply averring improperly that it could not locate Plaintiff's report, when that simply was not the case, as evidenced by the fact that Equifax provided the report to Pentagon Federal.

**Equifax failed to maintain adequate policies and procedures**

26. Equifax systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports it published.

27. Upon receipt of Plaintiff's dispute, Equifax was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

28. Equifax failed to take any of these steps in violation of the FCRA and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, and by missing opportunities and being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

## Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

29. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

30. The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

31. Under 15 U.S.C. § 1681i, *inter alia*:

(a) Reinvestigations of Disputed Information

(1) Reinvestigation Required

> *In general*. …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(2) Prompt Notice of Dispute to Furnisher of Information

> (A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

32. In violation of §§ 1681e(b) and 1681(i), Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report. Plaintiff disputed the inaccurate information and still, Equifax willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

33. In violation of § 1681o and § 1681n, Equifax's conduct was a direct and proximate cause of Plaintiff's injury and it is, therefore, liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures. As a result of Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: November 25, 2019　　　　　　　**COHEN & MIZRAHI LLP**
　　　　　　　　　　　　　　　　　　　　EDWARD Y. KROUB


　　　　　　　　　　　　　　　　　　　　_/s/ Edward Y. Kroub_
　　　　　　　　　　　　　　　　　　　　EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*

- 11 -